ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
SEP 16 2003
LUTHER D. THOMAS, Clerk
By: Deputy Clerk

| | | |
|---|---|---|
| JAMES SOLOMON, DARA SOLOMON, TERRY MILLER, HILARY MILLER, and JESSICA MILLER, by her mother and next friend, Hilary Miller, | ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) | ~~1:03-CV-2787~~ 1:03-CV-2797 |
| WAFFLE HOUSE, INC., | ) | |
| Defendant. | ) | ODE |

## COMPLAINT

## INTRODUCTION

1.

Plaintiffs James Solomon, Dara Solomon, Terry Miller, Hilary Miller, and Jessica Miller ("Plaintiffs") bring this complaint against Defendant Waffle House, Inc. ("Defendant" or "Waffle House").

2.

This lawsuit arises from Defendant's discriminatory treatment of

FORMS RECEIVED
Consent To US Mag.
Pretrial Instructions
Title VII NTC

Plaintiffs on the basis of race, in the Waffle House restaurant located at 12370 Arnold Mill Road, Alpharetta, Georgia 30004 (the "Alpharetta Waffle House").

3.

By its discriminatory treatment of Plaintiffs, Defendant has denied Plaintiffs the right to make and enforce contracts on the same basis as white citizens and groups, in violation of 42 U.S.C. § 1981, and denied Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Alpharetta Waffle House restaurant, in violation of 42 U.S.C. § 2000a.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and to 42 U.S.C. § 2000a-6.

5.

Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)-(c), as a substantial part of the events or omissions giving rise to the allegations in this Complaint occurred within this Judicial District and Defendant resides within this Judicial District.

6.

This action arises under legislation appropriately enacted by the United States Congress under the Commerce Clause of the Constitution of the United States, Article One, Section 8, Clause Three, and under legislation appropriately enacted by the United States Congress to enforce the Thirteenth Amendment to the Constitution of the United States.

## PARTIES

7.

Plaintiffs James Solomon and Dara Solomon, husband and wife, are African American citizens of the United States and residents of Woodstock, Cherokee County, Georgia.

8.

Plaintiffs Terry Miller and Hilary Miller, husband and wife, are Caucasian citizens of the United States and residents of Woodstock, Cherokee County, Georgia.

9.

Plaintiff Jessica Miller, a minor, is the daughter of Plaintiffs Terry and Hilary Miller and resides with them in Woodstock, Cherokee County, Georgia. Plaintiff Hilary Miller is dedicated to acting in Plaintiff Jessica

Miller's best interest, as her mother and next friend.

10.

Defendant Waffle House, Inc. is a Georgia corporation, with its principal place of business located at 5986 Financial Drive, Norcross, Gwinnett County, Georgia. Defendant conducts business throughout the United States, with approximately 1,400 restaurants and restaurant franchises in 26 states, including the Alpharetta Waffle House that is the subject of this Complaint.

11.

Defendant owned, operated, and maintained control over the Alpharetta Waffle House restaurant at all times pertinent to this lawsuit. Defendant committed, authorized, sanctioned, ratified, and approved the unlawful policies, action, and conduct described and complained of in this Complaint.

## FACTS

12.

On or around April 21, 2002 at approximately 12:00 a.m., Plaintiffs, along with their neighbors, Aaron and Sabrina VanderStappen ("the group"), were returning home from a wedding. The group decided to stop at the

Alpharetta Waffle House. They intended to purchase meals there. When the group arrived, the restaurant was not crowded.

13.

As there was no table large enough to accommodate the entire group, Sabrina and Aaron VanderStappen and Terry Miller, who are all white, sat at one table ("the all-white table") and Hilary and Jessica Miller, who are white, and James and Dara Solomon, who are African American, sat at a second table ("the mixed-race table"), which was directly adjacent to the all-white table.

14.

Waffle House claims that its "customers enjoy sit down table service with the speed of delivery typically found at fast food establishments." It also describes its service as "fast friendly service."

15.

Within approximately 20 minutes of seating themselves, a white waiter, Gary Wall or Gary Ware ("Mr. Wall"), approached the all-white table to distribute menus and take drink orders. Though Mr. Miller, seated at that table, informed the waiter that the two tables were together, Mr. Wall did not subsequently distribute menus or take drink orders from the mixed-

race table. When it became apparent that they were not going to receive menus, Mr. Miller and the VanderStappens, seated at the all-white table, eventually passed their menus to the mixed-race table.

16.

Mr. Wall returned to the all-white table, served them drinks and took their food orders. Mr. Solomon, seated at the mixed-race table, informed Mr. Wall that the mixed-race table was also ready to order, but Mr. Wall did not respond. Mr. Miller, seated at the all-white table, asked Mr. Wall why he was not attending to the mixed-race table. Mr. Wall said nothing and walked away.

17.

Mr. Miller then arose from his seat and approached the manager/cook on duty, Melvin Nicholson, who is white, to complain that the mixed-race table had not been served. Mr. Nicholson did not respond to Mr. Miller, but instead stared blankly at him, glanced briefly at Mr. Wall, then looked back at the food he was preparing. He took no corrective action.

18.

Approximately 20 minutes after taking their order, Mr. Wall returned to the all-white table with their food. At this point, Mr. Wall had not even

approached the mixed-race table. After Mr. Miller and Mr. Solomon once again asked Mr. Wall why he was ignoring the mixed-race table, Mr. Wall finally took drink and meal orders from the mixed-race table. Each of the four Plaintiffs placed a drink order and a food order. Approximately 45 minutes had passed from the time the plaintiffs seated at the mixed-race table entered the Alpharetta Waffle House until the time their food orders were taken.

19.

After several more minutes elapsed without the mixed-race table receiving the drinks they had ordered, one of the Plaintiffs asked Mr. Wall about the drinks. After this inquiry, Mr. Wall finally served drinks to the mixed-race table. By the time the mixed-race table received their drinks, the all-white table had finished eating their meals.

20.

Aside from the all-white table, another group of white customers had, subsequent to Plaintiffs' arrival, entered the Alpharetta Waffle House, sat at a nearby booth, received service from Mr. Wall, eaten their meals, and left the restaurant, all by the time the mixed-race table finally had had their orders taken.

21.

Mr. Wall finally served meals to Hilary and Jessica Miller, the two whites at the mixed-race table. The food, which was prepared by Mr. Nicholson, was burned and inedible. James and Dara Solomon, the two African Americans at the mixed-race table, were never served.

22.

Offended and upset by the discriminatory treatment, denial of service, and the manager's refusal to remedy the problem, the entire group decided to leave the restaurant. As they were preparing to leave, Mr. Wall presented Mr. and Mrs. Solomon with a bill for the food that they were never served.

23.

As the group exited the restaurant, Mr. Miller and Mrs. Solomon again complained to Mr. Nicholson, the manager, about the discriminatory treatment and denial of service. Mrs. Solomon stated, "You can't treat people like this." Mr. Miller stated that Waffle House was engaging in racial discrimination. Mr. Nicholson again responded only with a blank stare. Mr. Wall, overhearing the conversation, confronted the group, stating, "We can deal with this right now, outside." Mr. Miller understood Mr. Wall's threat to be a threat of physical violence, and the group left the

restaurant.

24.

Plaintiffs were upset, humiliated, and highly offended. Mrs. Solomon burst into tears in the parking lot. The child, Jessica Miller, seeing Mrs. Solomon upset, began to cry as well.

25.

On or around April 22, 2002, Mrs. Solomon lodged an oral complaint with the Waffle House corporate office. Mrs. Solomon also called the Alpharetta Waffle House and complained about the discriminatory denial of service and treatment to the store manager, Carlos Figueredo.

26.

On or around April 23, 2002, Mrs. Solomon called the Waffle House 800 number and spoke with a Waffle House representative who identified herself as "Tina." Mrs. Solomon again complained to Tina about the discriminatory treatment and denial of service Plaintiffs experienced at the Alpharetta Waffle House. Mrs. Solomon thereafter faxed a written complaint to Tina and mailed hard copies of the written complaint she had faxed to Tina to Waffle House's corporate offices.

27.

On or around April 26, 2002, Mrs. Solomon received a letter from Waffle House that included a complaint questionnaire. The letter indicated that the case manager assigned to the complaint was Audrey Tassinari. On or around April 29, 2002, Plaintiffs completed the questionnaires and mailed them to Waffle House. The certified mail receipt shows that Waffle House received the questionnaires on May 1, 2002.

28.

On or around May 13, 2002, Mrs. Solomon contacted Ms. Tassinari to inquire about the complaint. Ms. Tassinari informed Mrs. Solomon that she would visit the site and investigate the complaint.

29.

On or around June 13, 2002, Plaintiffs received a letter indicating that Defendant had concluded its investigation, and "found nothing to suggest that [Plaintiffs were] denied service or subjected to discriminatory treatment based upon race." Enclosed with this letter were Waffle House coupons for a free meal.

**COUNT I**
(Violation of 42 U.S.C. § 1981)

30.

Plaintiffs reallege and incorporate by reference Paragraphs 1 through 29 above, as if set forth fully herein.

31.

At all times material to this action, Plaintiffs, while seeking food and services from Defendant, presented themselves in a fit and proper manner, both in terms of dress and conduct.

32.

Defendant refused to serve, or otherwise denied, Plaintiffs food and services because of race, and otherwise subjected them to discriminatory treatment because of race.

33.

Defendant subjected Plaintiffs Hilary and Jessica Miller to discriminatory treatment because of their association with Plaintiffs James and Dara Solomon, who are African American.

34.

Defendant subjected Plaintiff Terry Miller to threats of physical violence and otherwise subjected him to discriminatory treatment because of

his association with Plaintiffs James and Dara Solomon, who are African American.

35.

At all times relevant to the events described in Paragraphs 1 through 29 above, the waiter, managers, and other Waffle House employees were acting within the scope of their employment and were acting in their capacities as employees, agents, and/or representatives of Defendant.

36.

The discriminatory practices described in Paragraphs 1 through 29 above were carried out at the direction of and with the consent, encouragement, knowledge, and ratification of Defendant; under Defendant's authority, control, and supervision; and within the scope of the employees' employment.

37.

Defendant's actions were undertaken intentionally and purposefully, with racially discriminatory animus, for the purpose of denying Plaintiffs equal treatment on the basis of race. Defendant acted maliciously, in bad faith, and with willful, callous, wanton, and reckless disregard for Plaintiffs' federally-protected rights.

38.

Defendant treated similarly-situated white persons, and white persons who were not associated with African Americans, differently from Plaintiffs.

39.

Defendant failed to conduct a full and adequate investigation or otherwise provide adequate redress for its refusal to provide service to, and its discriminatory treatment of, Plaintiffs.

40.

By the actions described in this Complaint, Defendant has a) denied Plaintiffs James and Dara Solomon the same right to make and enforce contracts as is enjoyed by white citizens of the United States, and b) denied Plaintiffs Terry, Hilary, and Jessica Miller on the basis of Plaintiffs James and Dara Solomon's race and their association with them, the full right to make and enforce contracts, both in violation of 42 U.S.C. § 1981.

41.

By the actions described in this Complaint, Defendant has denied Plaintiffs their right to make, perform, modify, and terminate contracts on the same basis as similarly-situated all-white groups and deprived Plaintiffs the enjoyment of the benefits, privileges, terms, and conditions of a

contractual relationship.

42.

As a proximate result of the actions of Defendant described in this Complaint, Plaintiffs have suffered, continue to suffer, and will, in the future, suffer great and irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and mental anguish.

43.

Defendant engages in a pattern and practice of discriminating against African Americans in the provision of food and services.

44.

Defendant knowingly authorizes, assists, encourages, and condones the discriminatory conduct described in this Complaint by, among other things, managerial authorization of, and participation in, discrimination and otherwise failing to investigate and address adequately numerous occurrences and complaints of discrimination.

**COUNT II**
(Violation of 42 U.S.C. § 2000a)

45.

Plaintiffs reallege and incorporate by reference Paragraphs 1 through 44 above, as if set forth fully herein.

46.

The Alpharetta Waffle House restaurant is a "place of public accommodation" within the meaning of 42 U.S.C. § 2000a.

47.

The operations of the Alpharetta Waffle House affect commerce within the meaning of 42 U.S.C. §2000a. The Alpharetta Waffle House serves or offers to serve interstate travelers; and/or a substantial portion of the food that it serves, or other products that it sells, has moved in interstate commerce.

48.

Plaintiffs have met all administrative requirements, if any, prior to filing this action.

49.

But for Defendant's discriminatory conduct, Plaintiffs could, and would, visit a Waffle House restaurant in the future.

50.

Plaintiffs attempted to afford themselves of the full benefits and enjoyment of a public accommodation, but Defendant has denied Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, and accommodations of a place of public accommodation, on the basis of race, in violation of 42 U.S.C. § 2000a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant them relief as follows:

(a) enter a declaratory judgment finding that the actions of Defendant as alleged in this Compliant violated 42 U.S.C. §§ 1981 and 2000a;

(b) enter a permanent injunction barring Defendant from continuing to engage in illegally discriminatory conduct against the Plaintiffs, other African Americans, and other Caucasians associating with African Americans, who might visit a Waffle House in the future;

(c) enter a permanent injunction directing that Defendant take all affirmative steps necessary to remedy the effects of illegally discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

(d) award compensatory damages in an amount that would fully compensate Plaintiffs for their damages, including but not limited to, humiliation, embarrassment, emotional distress, and mental anguish, caused

by Defendant's violations of the law, as alleged in this Complaint;

(e) award punitive damages to Plaintiffs in an amount that would punish Defendant for the intentional, malicious, callous, bad faith, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendant from future discriminatory behavior;

(f) award Plaintiffs their attorneys' fees and costs; and

(g) order all other relief deemed just and equitable by the Court.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable as of right.

Dated: September 16, 2003.

Alysa Freeman

David C. Ates
Georgia State Bar No. 026281
Alysa B. Freeman
Georgia State Bar No. 275394

MILLER BILLIPS & ATES, P.C.
730 Peachtree St., Suite 750
Atlanta, Georgia 30308
(404) 969-4101 (O)
(404) 969-4141 (F)

Of Counsel:

Susan E. Huhta
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle N.W., Suite 400
Washington, DC 20036
Phone: 202/319-1000
Facsimile: 202/319-1010

Gerald S. Hartman, DC Bar No. 168484
Wendelyn L. Pizer, DC Bar No. 479372
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
Phone: 202/842-8800
Facsimile: 202/842-8465

Thomas J. Barton, PA Bar No. 50603
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Phone: 215/988-2700
Facsimile: 215/988-2757

Henderson Hill, NC Bar No. 18563
Corie D. Pauling, NC Bar No. 24948
FERGUSON, STEIN, CHAMBERS,
ADKINS, GRESHAM & SUMTER, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, NC 28204-2828
Phone: 704/375-8461
Facsimile: 704/334-5654

*Counsel for Plaintiffs*

## CERTIFICATION IN COMPLIANCE WITH LOCAL RULE 7.1D

As counsel for Plaintiffs, I hereby certify that the foregoing pleading has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B and that the pleading does not contain more than 10 characters per inch.

Alysa B. Freeman
Georgia Bar No. 275394

440 (Rev. 5/85) Summons in a Civil Action

ORIGINAL

# United States District Court

NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES SOLOMON,
DARA SOLOMON,
TERRY MILLER, HILARY MILLER,
and JESSICA MILLER, by her mother
and next friend, Hilary Miller,

vs.

Waffle House, Inc.

SUMMONS IN A CIVIL ACTION

CASE NUMBER:

1:03-CV-2797

TO: (Name and Address of Defendant)
Waffle House, Inc.
c/o Greg Newnam, Registered Agent for Service of Process
5986 Financial Drive
Norcross, GA 30071

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)
David C. Ates, Esq.
Alysa B. Freeman, Esq.
Miller, Billips & Ates, P.C.
730 Peachtree Street, Suite 750
Atlanta, GA 30308
(404) 969-4101

an answer to the complaint which is herewith served upon you, within TWENTY (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

LUTHER D. THOMAS

CLERK

SEP 1 6 2003

DATE

DEPUTY CLERK